UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
========================================X
ALEXIS ARROYO,

                        Plaintiff,                  **COMPLAINT**

      -against-

                                                                            **JURY TRIAL**
THE CITY OF NEW YORK, DETECTIVE JASON      **DEMANDED**
FERNANDEZ (TAX # 940137), P.O. ROSTISLAV
KIPERVASER (SHIELD NO. 08614), SERGEANT STEVEN
DEGREE (TAX # 943141), and JOHN DOES # 1 – 5,      **ECF CASE**

                        Defendants.                **DOCKET #**
========================================X

**PRELIMINARY STATEMENT**

1.     This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while a tenant and occupant of his apartment on or about October 19, 2016 to October 20, 2016 at approximately 11:30 p.m. October 19, 2016 to approximately 2:00 a.m. October 20, 2016 at 346 East 156th Street, Apt. 9C, Bronx, New York, was accosted, detained, and arrested without probable cause, handcuffed, brutalized and also subjected to a search by the defendants. The plaintiff's rights were violated, he was deprived of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff was deprived of his constitutional and common law rights when the defendants unlawfully broke into his apartment, arrested, stopped, searched, and confined plaintiff; the defendants caused an unjustifiable and illegal stop and arrest; defendants frisked and

searched the plaintiff without probable cause and ransacked his home and apartment, then arrested the plaintiff, terrorized plaintiff and brutalized the plaintiff in front of his family and neighbors.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff, ALEXIS ARROYO, was a citizen of the United States and resident of the County of Bronx, City and State of New York.

6. DETECTIVE JASON FERNANDEZ (Tax No. 940137), P.O. ROSTISLAV KIPERVASER (SHIELD NO. 08614) and SERGEANT STEVEN DEGREE (Tax No. 943141) were and still are at all times relevant herein officers, detectives, employees, and/or agents of the City of New York and the New York City

Police Department.

7. On or about October 19, 2016 to October 20, 2016, defendants, DETECTIVE JASON FERNANDEZ (Tax No. 940137), P.O. ROSTISLAV KIPERVASER (SHIELD NO. 08614), and SERGEANT STEVEN DEGREE (Tax No. 943141), were police officers working for the 40th Precinct, New York Police Department, or for the New York City Police Department.

8. DETECTIVE JASON FERNANDEZ (Tax No. 940137), P.O. ROSTISLAV KIPERVASER (SHIELD NO. 08614) and SERGEANT STEVEN DEGREE (Tax No. 943141) are being sued in their individual and official capacities.

9. DETECTIVE JASON FERNANDEZ (Tax No. 940137), P.O. ROSTISLAV KIPERVASER (SHIELD NO. 08614) and SERGEANT STEVEN DEGREE (Tax No. 943141) were at all times relevant herein officers, employees, and agents of the New York City Police Department, a department of the defendant, CITY OF NEW YORK.

10. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees, and agents of the New York City Police Department.

11. Defendant, CITY OF NEW YORK, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant, CITY OF NEW YORK, assumed the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

12. That on or about October 19, 2016 to October 20, 2016, without probable cause; the defendant police officers broke into plaintiff's apartment, took plaintiff and his wife and son from their home, moved them to a hallway, ransacked and searched his apartment, damaged his personal possessions, brutally subjected plaintiff, his wife, and son to thorough and degrading searches, as well as searches of his home, and then, after a period of time, the defendants realized that they were searching the wrong apartment. There was no predicate or legal basis for the invasion, for stop and search of the plaintiff's home and no probable cause. The plaintiff was arrested, detained in his own home and hallway of his apartment building, held in the custody of the defendants, New York Police Department, its officers, and employees for a long period of time until he was released. Plaintiff was held for over two hours and had a gun placed to his head, as well as to his son's head; he was brutally dragged, thrown to the ground, threatened and frisked.

13. The defendant police officers stopped, arrested, and detained the plaintiff, handcuffed him, and failed to provide any justification for the home invasion, stop, frisk,

arrest, search, and detention. The defendants learned after the arrest and detention of the plaintiff that they were at the wrong apartment and location.

14. The individually named defendant police officers observed the other detectives and officers violate plaintiff's rights under the Constitution of the United States and did nothing to prevent the violation of his Constitutional Rights.

15. The defendants, having learned that there was no lawful basis for detaining, arresting, or charging the plaintiff, ALEXIS ARROYO, persisted in arresting and detaining him for a long period of time, and thereby terrified the plaintiff.

16. The brutality by the defendants and the failure to intervene by the individually named defendant police officers caused plaintiff to sustain psychological and emotional trauma.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

17. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 16 with the same force and effect as if more fully set forth at length herein.

18. Defendants, DETECTIVE JASON FERNANDEZ (Tax No. 940137), P.O. ROSTISLAV KIPERVASER (SHIELD NO. 08614) and SERGEANT STEVEN DEGREE (Tax No. 943141), who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be physically and psychologically injured, imprisoned, and violated plaintiff's right to be free of an unreasonable search and seizure under the Fourth Amendment of the Constitution of the United States and to be free of a

deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

19. Plaintiff suffered extreme and protracted pain and serious physical and emotional injuries as a result of his incarceration and prosecution.

20. As a result of plaintiff's unlawful search and seizure, amounting to a violation of his civil rights, plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional injuries, as well as economic harm.

## SECOND CAUSE OF ACTION

21. Plaintiff reiterates and realleges the facts stated in paragraphs 1 through 20 as if stated fully herein.

22. As a result of their actions, Defendants, acting under "Color of law," deprived Plaintiff of his right to freedom from derivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

23. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whatever Plaintiff's rights would be violated by their actions.

24. As a direct and proximate result of the acts of Defendants, plaintiff suffered psychological and economic injuries, endured great pain and mental suffering, was deprived of his physical liberty.

## THIRD CAUSE OF ACTION

25. Plaintiff reiterates and realleges the facts stated in paragraphs 1 through 24 as if stated fully herein.

26. As a result of their actions, Defendants, acting under "Color of law," deprived the Plaintiff of his right to freedom from excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

27. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whatever Plaintiff's rights would be violated by their actions.

28. These Defendants and officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force and deprived plaintiff of his civil rights although they were in a position to do so.

29. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## FOURTH CAUSE OF ACTION

### For Violation of Civil Rights

30. Plaintiff reiterates and realleges the facts stated in paragraphs 1 through 29 as if stated fully herein.

31. Defendant, CITY OF NEW YORK, through its police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendants, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and of Plaintiff, thereby violating Plaintiff's right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the

Constitution of the United States and 42 U.S.C. 1983 and 42 U.S.C. 1985.

32. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendant, New York City, Defendant committed the unlawful acts referred to above and thus, Defendant New York City is liable for the Plaintiff's injuries.

## FIFTH CAUSE OF ACTION

### Failure to Intervene

33. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 32 with the same force and effect as if more fully set forth at length herein.

34. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in the presence of other officers.

35. Defendants failed to intervene to prevent the unlawful conduct described herein.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

36. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein.

37. The defendant, CITY OF NEW YORK, its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train, and supervise defendants, DETECTIVE JASON FERNANDEZ (Tax No. 940137), P.O. ROSTISLAV KIPERVASER (SHIELD NO. 08614) and SERGEANT STEVEN

DEGREE (Tax No. 943141), and John Does # 1-5 ,individuals who were unfit for the performance of police duties on October 19, 2016 to October 20, 2016, at the aforementioned location.

38. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

39. Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the defendant, CITY OF NEW YORK, DETECTIVE JASON FERNANDEZ (Tax No. 940137), P.O. ROSTISLAV KIPERVASER (SHIELD NO. 08614), SERGEANT STEVEN DEGREE (Tax No. 943141), and JOHN DOES #1 – 5, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

b. That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
October 10, 2019

By: _____
STEVEN SEENER, ESQ.

9

                                          SEENER & SEENER, ESQS.
                                          *Attorneys for Plaintiff*
                                          *Alexis Arroyo*
                                          48 Wall Street, 11th Floor
                                          New York, New York 10005
                                          Telephone No.   212-766-2050

To:    CORPORATION COUNSEL
        CITY OF NEW YORK
        100 Church Street
        New York, NY 10007